IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH CRUSSIAH, | * |
| Plaintiff, | * |
| v. | Civil Action No. PX 14-4017 |
| INOVA HEALTH SYSTEM, | * |
| Defendant. | ****** |

**MEMORANDUM OPINION**

**I.    BACKGROUND**

On December 24, 2014, Plaintiff Joseph Crussiah ("Plaintiff") commenced this action against Inova Health System ("Inova"). *See* ECF No. 1. He submitted a thirteen-count Amended Complaint on February 24, 2015, alleging fraud, defamation, false imprisonment, malicious prosecution, tortious interference with contract and business expectancy, civil conspiracy, and intentional infliction of emotional distress. *See* ECF No. 6. On April 7, 2015, Inova filed a motion to dismiss for lack of personal jurisdiction or for failure to state a claim; alternatively, Inova moved to transfer the action to the Eastern District of Virginia. *See* ECF Nos. 11, 16. Plaintiff responded on April 27th and also submitted a motion for sanctions and a motion to compel. *See* ECF Nos. 17, 18, 19. On November 19, 2015, this Court granted Inova's motion to dismiss as to Plaintiff's fraud, defamation, false imprisonment, malicious prosecution, civil conspiracy, and intentional infliction of emotional distress claims. *See* Memorandum Opinion, ECF No. 26. The motion was denied with respect to Plaintiff's two tortious interference claims. *Id.*

Inova then answered the Amended Complaint as to the remaining counts and the Court issued a scheduling order. In July and August of 2016, Plaintiff filed a series of letters seeking permission to file numerous motions. *See* ECF Nos. 39, 40, 41, 42, 43. One of these letters is titled "Plaintiff's Proposed Motion for Emergency Preliminary Injunctive Relief." *See* ECF No. 40. The Court denied this request, explaining that it appeared to be based on allegations of Inova's historic alleged wrongdoing that cannot be logically be enjoined going forward. *See* ECF No. 44 at 2. The Court also denied, or deferred ruling on Plaintiff's remaining requests in an Order dated September 15, 2016.[1] *See generally* ECF No. 44.

On October 13, 2016, Plaintiff filed an interlocutory appeal of this Court's Order at ECF No. 44. During the seven-month pendency of the Fourth Circuit Court of Appeals' decision, the parties did nothing to advance this case; they did not engage in fact discovery, provide expert disclosures, or file dispositive pretrial motions. On May 5, 2017, the Fourth Circuit dismissed Plaintiff's appeal in part, vacated in part, and remanded for further proceedings. *See* ECF No. 52. Specifically, the Fourth Circuit vacated this Court's decision denying Plaintiff's motion for preliminary injunction for failure to make specific findings of fact pursuant to Fed. R. Civ. P. 52(a)(2) or expressly address the merits of Plaintiff's motion under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *Id.*

On June 20, 2017, this Court attempted to hold a recorded status conference to assess the posture of the case and discuss next steps in light of the Fourth Circuit Court of Appeals' decision. Plaintiff failed to appear. *See* ECF Nos. 54, 55. The Court therefore rescheduled the telephonic hearing for July 12, 2017. ECF No. 56. Plaintiff also failed to appear at the July 12th hearing. The Court noted on the record during the July 12th hearing that the Court provided

---

[1] Specifically, the Court deferred ruling on Plaintiff's motion to compel discovery. *See* ECF No. 44 at 3. It eventually denied this motion. *See* ECF No. 47.

Plaintiff notice via Letter Order to Plaintiff's last-known address on June 20, 2017 and via phone calls placed to Plaintiff's last-known telephone number. The Court also noted that Plaintiff responded to the June 20th Letter Order, demonstrating that he did in fact receive it. *See* ECF No. 57.

On August 4, 2017, the Court issued another Letter Order explaining that this case has stalled and cannot move forward without Plaintiff's participation. *See* ECF No. 64. It therefore ordered Plaintiff to show good cause for why his case should not be dismissed within twenty-one days from the issuance of that Letter Order. The Court also warned Plaintiff "that his failure to comply with this Court's orders, including the failure to appear at any future hearings, will result in the dismissal of his case with prejudice." ECF No. 64 at 2. The docket indicates that the Clerk sent this Letter Order to the two addresses associated with Plaintiff—one in Silver Spring, Maryland and another in Washington, DC. The mailing to Plaintiff's Washington, DC address was returned undeliverable. The Court notes that in the June 20th Letter Order, it directed Plaintiff to contact the Clerk's office to confirm his mailing address. *See* ECF No. 56. Although there is no evidence that Plaintiff complied,[2] he did submit his response to the June 20th Letter Order from the same Washington, DC address on file with the Clerk's office. *See* ECF No. 57. Plaintiff never responded to the Court's August 4th Letter Order.

## II.     ANALYSIS

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte* ). "The power to invoke this sanction is necessary in order to

---

[2] There is some indication that Plaintiff did contact the Clerk's office, but it is not clear whether he confirmed his mailing address. *See* Plaintiff's Letter, ECF No. 57. He simply notes that he contacted the Clerk's office, but "cannot make sense of any communication from any of these people." *Id.*

3

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30. Unless otherwise stated, dismissal under Rule 41(b) "'operates as an adjudication on the merits,' that is, with prejudice." *Rahim, Inc., v. Mindboard, Inc.*, No. GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (quoting Fed. R. Civ. P. 41(b)). A dismissal with prejudice under Rule 41(b) is "a harsh sanction which should not be invoked lightly," particularly because the Fourth Circuit recognizes "the sound public policy of deciding cases on their merits." *Id.* (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Accordingly, the district court must consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). Relevant here, "[w]here a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (Mem.) (citing *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989)).

Although Plaintiff actively pursued his case at the outset, he has since abandoned his claims over the last several months. This is so even after the Court expressly warned Plaintiff that failure to comply with this Court's Orders will result in the dismissal of his case with prejudice. *Ballard*, 882 F.2d at 95 (noting the importance of warning plaintiff prior to dismissal). Consequently, and when applying the Fourth Circuit's four-factor test, dismissal is required.

Regarding the first factor, Plaintiff is proceeding *pro se* and bears responsibility for failing to participate in his own case. He failed to comply with two of this Court's Orders scheduling conference calls in June and July, 2017. He also failed to comply with the Court's

August 4th Order directing him to show cause for why his case should not be dismissed because of his failure to prosecute.

The second factor—prejudice to the defendant—also supports dismissal. As the Court explained in its August 4th Order, "[t]his case has stalled and cannot move forward without Plaintiff's participation." His failure to prosecute renders Inova significantly hampered in resolving this case. *Cf. J.M. v. Logan Cnty. Bd. of Educ.*, No. 2:15-CV-04822, 2016 WL 164323, at *2 (S.D.W. Va. Jan. 13, 2016) ("Plaintiffs' non-participation in this litigation has left Defendants in limbo as to the status of the case against them."). Additionally, Plaintiff's total absence from the litigation prevents the Court fulfilling the Fourth Circuit's directives on remand regarding the propriety of injunctive relief.

The third factor—whether Plaintiff's conduct is isolated, or is part of a history of dilatoriness, and the need to deter such conduct—also favors dismissal. *Khepera-Bey v. Santander Consumer USA Inc.*, No. WDQ-11-1269, 2013 WL 451325, at *4 (D. Md. Feb. 4, 2013). Plaintiff last participated in this case a year ago. Since then, he has failed to comply with every Order issued by this Court. *Cf. J.M.*, 2016 WL 164323, at *2 (holding that plaintiff acted in dilatory fashion after a "nearly complete failure to participate in this civil action since summons were submitted over five months ago"); *Khepera-Bey*, 2013 WL 451325, at *4 (holding that plaintiff acted in a dilatory fashion, in part, for ignoring the rules and orders of this Court). Plaintiff has, in short, disappeared from this case.

Finally, in light of Plaintiff's complete lack of participation, less drastic sanctions would be ineffective. The Court has already warned Plaintiff that the case would be subject to dismissal unless he demonstrated some cause as to their failure to prosecute. *See Ballard*, 882 F.2d 93, 96 (4th Cir. 1989) (finding that the plaintiff's noncompliance with show cause order left district

court with "little alternative to dismissal" because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse"); *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993))). The Court also twice attempted to revive this case by scheduling status conferences. These efforts failed. The Court can think of no other way to encourage Plaintiff to participate in his own case, and so it is left with no other option but dismissal.

### III. CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed with prejudice. A separate Order will follow.

9/5/2017
Date

/S/
Paula Xinis
United States District Judge